UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARIE REED                                           CIVIL ACTION

v.                                                   NO. 11-0030

MIKE EDWARDS, OFFICER OF THE                         SECTION "F"
BATON ROUGE POLICE DEPARTMENT, ET AL.

ORDER AND REASONS

Before the Court are three motions: the defendants Sid Gautreaux, Brian Blache, and Chasity Sanford's motion to dismiss and, in the alternative, motion to stay; (2) the defendants James M. LeBlanc and Heath Soileau's motion to dismiss; and (3) the defendants Michael Edwards and Charles Mondrick's Rule 12(b)(6) motion to dismiss on the basis of prescription. For the reasons that follow, the motions are GRANTED insofar as they seek to dismiss the plaintiff's claims on the ground that they are time-barred. This Court declines to exercise supplemental jurisdiction over any remaining state law claims.

Background

This civil rights lawsuit arises out of one woman's numerous claims that several law enforcement officers falsely arrested her, falsely imprisoned her, and assaulted her. The facts underlying her complaint are summarized as follows.

On October 31, 2003 Marie Reed pled guilty in state court in Baton Rouge to one count of theft (over $500); 19 counts of issuing worthless checks; 42 counts of forgery; three counts of theft by

1

fraud; five counts of theft (over $500) and two counts of theft (between $100-$500).  She was sentenced to 10 years at hard labor, all sentences to run concurrently, with credit for time served, suspended; probation for five years, with restitution in the amount of $35,036.42, to be paid during the probation period.

Heath Soileau was Reed's probation officer.  During the course of her probation, motions to revoke her probation were filed, and a warrant for her arrest was issued in October 2004.  Once the 2004 warrant was lifted, Reed and Soileau somehow "came to an understanding as to how her probation would continue."  Soileau sent a letter to the state court asking the court to continue Reed on probation.

However, on September 18, 2007 Soileau sent another letter to the court, accompanied by a motion to revoke Reed's probation because Reed was $22,562.50 delinquent in restitution payments.[1] The hearing to revoke her probation was scheduled for November 19, 2007. Reed failed to appear.  An arrest warrant was issued.

During the fall of 2007 and the summer of 2008 Reed and Soileau began to communicate again, and she believed that they had "come to an understanding once again, and she was continuing to pay the restitution in anticipation of her probation ending in October of 2008."  On July 28, 2008 Reed's attorney received an itemized

---

[1]According to the allegations of the complaint, the implication of Soileau's September 18 letter was that Reed had paid $12,473.92 from the original amount of restitution.

2

list from the Office of Probation and Parole Collections showing outstanding restitution owed, which totaled $11,429.47 (Reed having apparently paid $11,133.03 from the amount due on September 18, 2007). Reed's probation ended on October 31, 2008, "having paid or attempted payment to all of the remaining victims, through the Office of Probation and Parole...."

Four months later, on February 28, 2009, Reed was stopped for an alleged traffic violation by Officer Michael Edwards of the Baton Rouge City Police. Officer Edwards examined Reed's driver's license and talked to her about the traffic violation and then told her that she was free to go. Reed drove away, forgetting to get her driver's license back from the officer. Later that night, Officer Edwards contacted Reed's mother, Linda Jenkins, at her home in an attempt to return Reed's license. Officer Edwards told Ms. Jenkins to call Reed and let him speak with her, which she did. Officer Edwards requested that Reed meet him late that night at a random parking lot he chose. Scared, Reed told him that she would like to speak with her lawyer before doing so. Reed charges that Officer Edwards became angry and threatened Reed when she refused to meet him.[2] Reed did not meet with Officer Edwards.

---

[2]According to the allegations of the complaint, Officer Edwards told Reed something to the effect of:
> I am not going to hurt you.... You can speak to an attorney all you want, but if you don't come meet me tonight, you will be sorry. You do not want to mess with me, I am next to God, I have put lawyers, judges and Das in jail.... I will put you in jail if you do

3

Case 3:11-cv-00030-MLCF-DEK   Document 73   02/09/12   Page 3 of 16

About a week later, Detective Sergeant Brian J. Blache obtained an arrest warrant for Reed on theft charges related to her employment with a company named CTV and Associates. Reed charges that Detective Blache did so "at the request and/or encouragement of Officer Michael Edwards and in a conspiracy to violate [her] civil rights."

The saga continues.

On July 21, 2009 Reed was arrested by U.S. Marshals during a warrant round-up. At the time of her arrest there were three warrants outstanding on Reed:

(1) a Probation and Parole warrant from the 23rd Judicial District Court, related to Reed's probation (even though it had ended on October 31, 2008); Reed says the warrant had been held over solely because of the negligence of Probation and Parole Officer Heath Soileau;

(2) a warrant obtained by Officer Michael Edwards related to the February 28, 2009 traffic stop; and

(3) a warrant obtained by Detective Sergeant Brian J. Blache related to charges arising from a civil transaction related to Reed's employment with CTV and Associates.

Reed complains not only that the Probation Warrant was negligently held over as a result of Soileau's negligence, but also that the Traffic Warrant and the CTV Warrant were fraudulently obtained.

---

not meet me now.

4

Probation Warrant

Sometime between August 1, 2009 and August 15, 2009 Reed posted a bond with a surety in the amount of $35,000 to cover the charges related to the traffic stop and theft and to facilitate her release from the East Baton Rouge Parish Jail. She was then transported to the Ascension Parish Jail, where she was held pursuant to the Probation Warrant.

Reed alleges that she was wrongfully held over on the Probation Warrant as a result of Soileau's negligence; he did not attempt to serve the warrant, which was issued on November 19, 2007 when she failed to show up for her revocation hearing, and Soileau never informed her of the arrest warrant despite their continued communication in person and through her attorney throughout the spring, summer, and fall of 2008. During the many communications with Soileau, Reed had expressed a desire to complete all the requirements of her probation, knowing that it was coming to an end in October 2008. Hence Soileau's fault.

She alleges that Soileau allowed the probation hold to continue and adds that Soileau conspired with Officer Edwards when Soileau on July 23, 2009 filed a motion and order to revoke her probation. In the motion to revoke probation, Soileau does not assert any arrears in restitution but, rather, refers to the charges relating to the Traffic Warrant, the CTV Warrant, as well as a charge for issuing worthless checks. (Reed acknowledges

5

writing a bad check to her dentist and represents that "[t]his matter is being discharged in the 19th Judicial District Court.").

September 22, 2009 was the scheduled date for the revocation hearing. It did not happen. Reed's attorney appeared on her behalf and requested a continuance.³ (Soileau was not present in court on September 22). That afternoon Reed appeared in court and was informed of the continuance; the hearing was continued until November 17, 2009, over her objection.

On November 17, 2009 Reed was present with new counsel, Maurice Hall, at which time the State requested a continuance because Soileau was not present. The court granted the continuance and reset the motion for January 19, 2010. On that date Reed was present in court with her attorney, but Soileau again was not present. The State again requested a continuance, which the court granted and reset the motion for March 15, 2010. However, this time, the court ordered that the probation hold be lifted and ordered Reed's release.

On March 15, 2010 new counsel for Reed, Jarrett Ambeau, enrolled at the probation revocation proceeding. But it didn't happen either. Soileau was present at the March 15 hearing. Ambeau, however, requested a continuance, which was granted; the hearing was reset for April 19, 2010. But after many more delays,

---

³Reed says that the attorney that appeared on her behalf had been fired before the hearing.

6

the hearing was reset for August 16, 2010, at which time it was finally held.[4]

During the August 16 hearing, says Reed, Soileau argued "vigorously, and with malice" that Reed's probation should be revoked and that she should be confined for her original 10 year sentence. According to Reed, the 23rd Judicial District Court issued its ruling on August 26, 2010, finding that "...Probation and Parole failed to satisfy [the] due process requirements of [Reed], and her probation was terminated."

### The Traffic Warrant

On June 7, 2010 the traffic charges from the February 28, 2009 stop by Officer Edwards were dismissed in their entirety, without a hearing and without presenting any evidence. Reed alleges that Officer Edwards himself dropped the charges "because he had been informed by...Soileau that the matters in the 23rd Judicial District Court were not going well, and that it appeared that the probation may not be held against [Reed]."

### CTV Warrant

On March 18, 2009 Detective Sergeant Brian J. Blache swore in an affidavit against Reed relating to her alleged fraud concerning CTV and Associates. In the affidavit, Detective Blache stated: (1)

---

[4] The hearing was reset three more times before a hearing was conducted and a ruling was made; Soileau was not present during the April 19 or May 17 settings but was present at the July 19, 2010 hearing, at which time Soileau requested one last continuance because he had forgotten his file.

7

Reed, as an employee of CTV, accepted an enrollment fee for services but did not in fact perform any services; (2) Reed accepted a check from a client without authorization and deposited the check in her personal account also without authorization from the company owner, Albert Wells; (3) Detective Blache learned from Wells that the business had closed in June 2008; (4) Reed accepted the check after the business had been closed.

But Wells also signed affidavits on April 2, 2009 and April 23, 2009, stating: (1) Reed was his supervisor; (2) Reed was authorized to accept payments from clients; (3) Wells did not at any time act to bring charges against Reed; and (4) CTV was open through September 2008.

Reed alleges that Detective Blache pursued charges against her even though he had information contradicting his affidavit. When Reed's counsel attempted to have the warrants withdrawn because they were untrue, Reed alleges, Detective Blache filed another affidavit on April 20, 2009, forming the basis of an obstruction of justice charge against Reed. Reed alleges that Detective Blache conspired with Officer Edwards to violate her constitutional rights when Blache contacted Wells (after February 28, 2009)[5] and tried to get him to press charges against Reed.

---

[5]On March 25, 2010, Reed alleges, that Wells submitted an affidavit in which he stated that Blache contacted him to pressure him into pressing charges against Reed.

8

## Alleged Assault -- Deputy Chasity Sanford

On November 26, 2009 Reed was temporarily housed at the East Baton Rouge Parish Jail because she had a court appearance scheduled in Baton Rouge. That morning, Reed went to the morning medicine call and asked for her breathing treatment, which was previously ordered by her doctor. The nurse refused her treatment. Deputy Chasity Sanford, who was present at the medicine call, placed the palm of her hand in front of Reed's face (indicating that the conversation was over and that she would not listen to Reed). Reed turned to walk away and mumbled "you didn't have to put your hand in my face like that." Reed alleges in her complaint that Deputy Sanford then grabbed Reed and slammed her to the ground.

According to Reed, Deputy Sergeant Minor, Sanford's supervisor, had to stop Sanford from kicking Reed while Reed was on the floor. Reed was not examined by a nurse until much later that evening; she was eventually taken to the hospital around midnight and was diagnosed with bruised ribs.

## The Lawsuit

On January 18, 2011 Reed sued Brian Blache, Michael Edwards, Sid Gautreaux, James M. LeBlanc, Charles Mondrick, Chasity Sanford, and Heath Soileau in the U.S. District Court for the Middle District of Louisiana, alleging in a 45-page complaint various civil rights and state law violations, including:

9

(1) false arrest and false imprisonment pursuant to 42 U.S.C. § 1983, as to Officer Edwards and Charles Mondrick, interim chief of the Baton Rouge Police Department, in his official capacity;
(2) false arrest and false imprisonment pursuant to 42 U.S.C. § 1983 as to Heath Soileau, James M. LeBlanc, Secretary of the Louisiana Department of Corrections, individually and acting in his official capacity;
(3) false arrest and false imprisonment pursuant to 42 U.S.C. § 1983 as to defendants Brian Blache and Sid Gautreaux, East Baton Rouge Sheriff, in his official capacity;
(4) excessive use of force in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 as to Chasity Sanford;
(5) entity liability/official liability under 42 U.S.C. § 1983 as to Charles Mondrick, interim chief of the Baton Rouge Police Department, in his official capacity; James M. LeBlanc, Secretary of the Louisiana Department of Corrections, individually and acting in his official capacity; and Sid Gautreaux, East Baton Rouge Sheriff, in his official capacity;
(6) negligent hiring, training, supervision and retention, in violation of La.C.C. art. 2315 as to Charles Mondrick, in his official capacity; James M. LeBlanc, individually and in his official capacity; and Sid Gautreaux, in his official capacity;
(7) negligence, in violation of La.C.C. art. 2315 as to Heath Soileau; and
(8) battery, in violation of La.C.C. art. 2315 as to Chasity Sanford.

Reed sued for $600,000 in compensatory damages and $5,000,000 in punitive damages, as well as attorney's fees.

The defendants now seek dismissal of the plaintiff's claims; they assert many grounds, including that Reed's Section 1983 claims have prescribed.[6]

---

[6] On January 11, 2012 this Court ordered supplemental papers addressing the statute of limitations issue, and also granted the defendants' motion to dismiss the plaintiff's claims against James L. LeBlanc in his official capacity; the plaintiff conceded that the Court lacked subject matter jurisdiction over these claims on the ground of sovereign immunity.

I.

Although 42 U.S.C. § 1983 provides a federal cause of action, Congress did not adopt an accompanying federal statute of limitations. Accordingly, it is well-settled that the federal courts borrow from the forum state's personal injury limitations period. Wallace v. Kato, 549 U.S. 384, 387 (2007). As a result, the Fifth Circuit has approved application of Louisiana's one-year personal injury prescriptive period, as provided by La.C.C. art. 3492, for Section 1983 actions. See Elzy v. Roberson, 868 F.2d 793, 794-95 (5th Cir. 1989); Gaspard v. United States, 713 F.2d 1097, 1102 n.11 (5th Cir. 1983).

Unlike the limitations period itself, the accrual date of a Section 1983 claim is governed by federal law. Wallace, 549 U.S. at 388. Generally, a Section 1983 action will accrue when a plaintiff knows or has reason to know of the injury that is the basis of the complaint. Lavelle v. Listi, 611 F.2d 1129, 1131 (5th Cir. 1980). In particular, when false arrest or false imprisonment claims are asserted, the limitations period will accrue when the claimant "becomes held pursuant to [legal] process--when, for example [s]he is bound over by a magistrate or arraigned on charges." See Wallace, 549 U.S. at 389-91 (holding that "the statute of limitations upon a Section 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the

11

time the claimant becomes detained pursuant to legal process", not at the time that a conviction arising out of the arrest is reversed).[7]

## II.
### *A.*

Reed's false arrest and false imprisonment claims against defendants Detective Blache, Sheriff Gautreaux, Officer Edwards, Police Chief Mondrick, Secretary of the Louisiana Department of Public Safety and Corrections James LeBlanc, and Probation and Parole Officer Heath Soileau fall squarely within the holding of Wallace, and must be dismissed as time-barred. Likewise, her excessive force claim against Deputy Sanford is time-barred.

---

[7]The Supreme Court has observed:

> False arrest and false imprisonment overlap; the former is a species of the latter.... We shall thus refer to the two torts together as false imprisonment.... The sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process...and the allegations before us arise from respondents' detention of petitioner without legal process.... They did not have a warrant for his arrest.... Thus, to determine the beginning of the limitations period in this case, we must determine when petitioner's false imprisonment came to an end.... Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process-when, for example, he is bound over by a magistrate or arraigned on charges.... If there is a false arrest claim, damages for that claim cover the time of detention up until the issuance of process or arraignment, but not more.

Id. at 390.

12

Reed alleges the following facts relevant to the prescription issues raised by the defendants:

- When Reed did not appear on November 19, 2007 for the revocation hearing related to her probation, an arrest warrant was signed by the judge in the 23rd Judicial District Court, and the matter was continued without date.
- Reed was stopped by Officer Edwards on February 28, 2009 and a warrant issued as a result.
- Detective Blache executed an arrest warrant for her on March 18, 2009 "on theft charges related to her employment with...CTV and Associates".
- Reed was arrested on July 21, 2009 during a warrant roundup pursuant to the Traffic Warrant, the CTV Warrant, and the Probation Warrant.
- On July 23, 2009, Probation Officer Soileau files an additional motion and order to revoke probation (as a result of the Traffic Warrant and CTV Warrant, as well as a charge for issuing worthless checks), and also requests a probation hold with the East Baton Rouge Parish Jail.
- Sometime between August 1, 2009 and August 15, 2009, Reed posted a bond, with a surety, in the amount of $35,000 to cover the charges related to the traffic stop and the alleged theft to facilitate her release from East Baton Rouge Parish Jail.
- Reed was then transported to Ascension Parish Jail and held there on the Probation Warrant.
- On September 22, 2009 Reed's attorney appears at the revocation hearing set in the 23rd Judicial District Court and requests a continuance; the revocation hearing is continued until November 17, 2009, at which time the State secured a continuance.[8]
- On November 26, 2009 Deputy Sanford allegedly assaulted Reed during medicine call.
- On January 19, 2010 Reed was present with her attorney for the revocation hearing; the State again moved for a continuance because Soileau was not present; the court granted the continuance but ordered that the probation hold be lifted and that Reed be released.
- On January 18, 2011 Reed filed this lawsuit.

Reed's false arrest claims accrued at the time she became

---

[8]Reed claims that she had fired the lawyer before he requested the continuance on her behalf.

13

detained "pursuant to legal process". The defendants respond that Reed became detained pursuant to legal process when she posted bond on the theft and traffic charges, which according to the allegations of her complaint was -- at the latest -- August 15, 2009. In light of the one-year prescriptive period, her false arrest claims expired one year later on August 15, 2010. Because she did not file this lawsuit until January 18, 2011, her false arrest claims against Detective Blache, Sheriff Gautreaux, Officer Edwards, Police Chief Mondrick, Secretary of the Louisiana Department of Public Safety and Corrections James LeBlanc, and Probation and Parole Officer Heath Soileau are dismissed as time-barred.[9]

*B.*

Reed's excessive force claims against Deputy Sanford and Sheriff Gautreaux meet the same fate. The Court again borrows the

---

[9] Defendants LeBlanc and Soileau contend, in the alternative, that Reed's claims against them prescribed, if not on August 15, 2010, then on September 22, 2010, which was one year after Reed's September 22, 2009 appearance at the revocation hearing about the Probation Warrant. The Court agrees. Even if Reed could somehow suggest that her false arrest claims against Soileau and LeBlanc did not accrue until she appeared for a revocation hearing (the appearance for a hearing being the requisite legal process) there were several hearings (in which she was represented by counsel) that would appear to satisfy Wallace's mandate that the limitations period will accrue when the false imprisonment ends; when the claimant "becomes held pursuant to [legal] process." The first of several revocation hearings, although ultimately continued, was held on September 22, 2009. Reed insists, however, that the only hearing date that matters for accrual purposes, even though it was also continued, was the one held on January 19, 2010. She offers no support for her assertion.

14

same one-year prescriptive period from Louisiana. Reed's Section 1983 action based on an excessive force claim accrued when she knew or had reason to know of the injury that is the basis of her lawsuit. See Lavelle v. Listi, 611 F.2d 1129, 1131 (5th Cir. 1980). Reed knew or should have known of the basis of her excessive force claim when she was allegedly assaulted by Deputy Sanford, which Reed says occurred on November 26, 2009. Because Reed filed this lawsuit more than one year later on January 18, 2011, her excessive force claim is also time-barred.

*C.*

A district court may decline to exercise supplemental jurisdiction over pendent state law claims if the Court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). Indeed, when a district court dismisses all federal claims before trial, the general rule is to dismiss any pendent state law claims. See Bass v. Parkwood Hosp., 180 F.3d 234, 246 (5th Cir. 1999)(citation omitted). Because all of the plaintiff's charges forming the basis of her Section 1983 claims have prescribed, the Court declines to exercise supplemental jurisdiction over any state law claims that might remain.

IT IS ORDERED: that the defendants' three motions to dismiss -- (1) defendants Sid Gautreaux, Brian Blache, and Chasity Sanford's motion to dismiss; (2) defendants James M. LeBlanc and Heath Soileau's motion to dismiss plaintiff's complaint; and (3)

15

defendants Michael Edwards and Charles Mondrick's Rule 12(b)(6) motion to dismiss on the basis of prescription are GRANTED insofar as they seek to dismiss Reed's Section 1983 claims on the grounds of prescription; accordingly, the plaintiff's Section 1983 claims are dismissed with prejudice,[10] and any state law claims are dismissed without prejudice.

New Orleans, Louisiana, February 9, 2012

_____
MARTIN C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[10] The plaintiff purports to assert a claim for "entity liability/official liability" against defendants Mondrick, LeBlanc, and Gautreaux. However, because Reed cannot state an underlying constitutional claim against any of the defendants, to the extent that she seeks to assert any official capacity claim against these defendants or any "entity", such claims are properly also dismissed. See Patin v. Richard, No. 10-650, 2011 WL 9118, at *7-8 (W.D. La. Jan. 3, 2011)(citations omitted).

16